FILED

97 MAY -5 PM 4:

U.S. DISTRICT COU
N.D. OF ALABAMA

ENTERED

MAY 5 1997

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

RANDY WHEELER,  }
                }
    Plaintiff,  }
                }  CIVIL ACTION NO.
    vs.         }
                }  CV 96-AR-3256-S
MARVIN T. RUNYON, JR.,  }
Postmaster General, et al.,  }
                }
    Defendants.

### MEMORANDUM OPINION

The court has for its consideration the answer filed by defendants, Marvin T. Runyon ("Postmaster") and Walter Moon ("Moon"), on February 14, 1997, and the second, third and fourth defenses asserted by defendants in said answer which the court has deemed to be a motion to dismiss pursuant to F.R.Civ.P. 12(b)(6). Because certain portions of the complaint fail to state claims upon which relief can be granted, defendants' motion will be granted in part and denied in part.

### I. Analysis

When ruling on a motion to dismiss, the court must accept all allegations in the complaint as true and likewise draw all inferences in favor of the non-movant. *Fuller v. Johannessen (In re Johannessen)*, 76 F.3d 347, 350 (11th Cir. 1996). The court may grant the motion only where it is beyond doubt that the non-

1

movant can prove no facts that would support his claim for relief. *Pataula Elec. Membership Corp. v. Whitworth*, 951 F.2d 1238, 1240 (11th Cir.), *cert. denied*, 113 S. Ct. 302 (1992).

### A. § 717 - *Exclusive Remedy*

It is well-settled law that "a federal employee's exclusive judicial remedy for alleged employment discrimination [premised upon gender] lies with § 717 of Title VII." *Canino v. United States Equal Employment Opportunity Commission*, 707 F.2d 468, 472 (11th Cir. 1983). Likewise, because 29 U.S.C. § 794(a)(1) of the Rehabilitation Act incorporates the remedies, procedures and rights set forth in § 717 of Title VII, the Rehabilitation Act provides the exclusive remedy for a federal employee's alleged disability discrimination and reprisal claims. *See* 29 U.S.C. § 794(a)(1) (1997); *Farrell v. Department of Justice*, 910 F. Supp. 615, 618 (M.D. Fla. 1995).

Furthermore, pursuant to 42 U.S.C. § 2000e-16(c), the proper defendant in a federal discrimination suit is the head of the appropriate agency. *Canino*, 707 F.2d at 472. In this action, Marvin T. Runyon, Jr., the Postmaster General. Thus, all of Wheeler's claims of discrimination and reprisal asserted against Moon are due to be dismissed.

With respect to Wheeler's discrimination and reprisal claims asserted against the Postmaster, defendants' argue that "insofar

2

as Plaintiff attempts to assert subject matter jurisdiction or to state a claim either for sex-discrimination or for Title VII-prohibited reprisal on any basis other than § 717 . . . those assertions must be dismissed." (Defendants' Memorandum in Support of Motion to Dismiss at 2).

Wheeler wisely does not contest that the remedies afforded under § 717 are exclusive for the purposes of 42 U.S.C. § 1983. Accordingly, because § 717 is Wheeler's exclusive remedy for employment discrimination claims and because "a suit will not lie under 42 U.S.C. § 1983 against a federal official acting under the color of federal law," Wheeler's claims pursuant to 42 U.S.C. § 1983 are due to be dismissed. *Roots v. Callahan*, 475 F.2d 751, 752 n.1 (5th Cir. 1973).

Wheeler does, however, argue that § 717 does not preempt his claims asserted under the United States Constitution. (Wheeler's Memorandum in Opposition to Defendants' Motion to Dismiss at 2). While Wheeler asserts claims pursuant to the equal protection clause of the Fifth Amendment and freedom of speech pursuant to the First Amendment, in Counts II and V respectively, he only argues that his freedom of speech claim remains viable. To the extent that Wheeler's constitutional claims are based upon the same conduct as his asserted Title VII and Rehabilitation Act claims, those claims are precluded, and therefore, due to be

3

dismissed. *See Kizas v. Webster*, 707 F.2d 524 (D.C. Cir. 1983), cert. denied, 464 U.S. 1042, 104 S. Ct. 709 (1984); *Bartel v. Federal Aviation Administration*, 617 F. Supp. 190, 193 (D.D.C. 1985). However, to the extent that Wheeler's constitutional claims are premised upon conduct "expressly unprotected by [Title VII and the rehabilitation Act]" his claims are not precluded by § 717. *Kizas*, 707 F.2d at 542 (quoting Davis v. Passman, 442 U.S. 228, 247 n.26, 99 S. Ct. 2264, 2278 n.26 (1979)).

It is clear to this court that Wheeler's Fifth Amendment claim in Count II of his complaint, which asserts that the "Postal Service [] violated Title VII and the Constitution by denying [Wheeler] equal treatment with female employees" is precluded by § 717. "[A] plaintiff may not circumvent the carefully crafted Title VII remedial scheme by challenging alleged constitutional violations through conduct which is also proscribed under the statute." *Bartel*, 617 F. Supp. at 193 (citing *Brown v. General Services Admin.*, 425 U.S. 820, 835, 96 S. Ct. 1961, 1969 (1976)). Both Wheeler's Title VII claim and his equal protection claim premised upon the Fifth Amendment are based upon the same alleged discriminatory conduct and seek to redress the same harm. Accordingly, Wheeler has failed to state a cause of action with respect to his equal protection claim and said claim is due to be dismissed.

4

In Count V of his complaint, Wheeler asserts claims against the Postmaster and Moon for violation of his First Amendment rights. Wheeler argues that defendants retaliated against him in violation of his rights to freedom of speech by threatening to discharge him and by sending a defamatory letter to a newspaper. This court will address Wheeler's First Amendment claims as against the Postmaster and Moon respectively.

Accepting all the allegations in the complaint as true, Wheeler's First Amendment claim seeks to redress the chilling effect on his freedom of speech rights and not the adverse consequences which are specifically covered under Title VII and the Rehabilitation Act. Thus, Wheeler's First Amendment claim is unprotected by Title VII and the Rehabilitation Act, and therefore, not precluded by § 717. As a result, defendants' motion to dismiss as to Wheeler's First Amendment claim as against the Postmaster is due to be denied.

Because Wheeler's First Amendment claim as against the Postmaster is not to redress employment discrimination, Wheeler is not barred by 42 U.S.C. § 2000e-16(c) from proceeding against someone other than the head of the appropriate agency. *See Canino*, 707 F.2d at 472. Thus, this court turns now to address whether Wheeler has stated a First Amendment cause of action as against Moon. In *McCollum v. Bolger*, 794 F.2d 602 (11th Cir.

5

1986), *cert. denied*, 479 U.S. 1034, 107 S. Ct. 883 (1987), the court held, with respect to a postal employee, that "a federal employee could not maintain a cause of action against his supervisor for violations of his First Amendment rights." *Id.* at 606. Accordingly, Wheeler has failed to state a First Amendment cause of action as against Moon and said claim is due to be dismissed.

### B. Personnel Action - Count III

In Count III of his complaint, Wheeler alleges that the Postmaster and Moon[1] violated Title VII and the Rehabilitation Act by threatening to discharge plaintiff and by sending an allegedly defamatory letter to a newspaper. While the court would have no compunction in finding that Moon could create Title VII and Rehabilitation Act liability for defendant as an agent of the United States Postal Service, the court determines that threatening to discharge Wheeler and sending a defamatory letter are <u>not independently actionable</u> under either of these statutes as a personnel action. The operative language in both § 2000e-16 and § 794(a)[2] giving rise to a private enforcement action under

---

[1] The proper defendant in employment discrimination cases against the federal government is the head of the agency. Accordingly, Wheeler's employment discrimination claims against Moon are due to be dismissed. *See supra* at 2.

[2] 29 U.S.C. § 794(a)(1) adopts the remedies, procedures and rights of § 2000e-16.

6

Title VII and the Rehabilitation Act is a "personnel action affecting" the putative plaintiff. While the court's research into what Congress meant by "personnel action" has been less than fruitful, it is mindful of *Ferguson v. Veterans Admin.*, 723 F.2d 871, 872 (11th Cir.), *cert. denied*, 469 U.S. 1072 (1984), wherein the Eleventh Circuit expressly adopted the reasoning of the Fourth Circuit in *Page v. Bolger*, 645 F.2d 227 (4th Cir.), *cert. denied*, 454 U.S. 892, 102 S. Ct. 388 (1981). In *Page*, the Fourth Circuit persuasively described the scope of employment decisions contemplated by § 2000e-16(a):

> The proper object of inquiry in a claim of disparate treatment under § [2000e-16] is whether there has been "discrimination" in respect of "*personnel actions* affecting (covered) employees or applicants for employment ...." 42 U.S.C. § 2000e-16(a) (emphasis added). Disparate treatment theory as it has emerged in application of this and comparable provisions of Title VII, most notably § 703(a)(1), 42 U.S.C. § 2000e-2(a)(1), has consistently focused on the question whether there has been discrimination in what could be characterized as <u>ultimate employment decisions such as hiring, granting leave, discharging, promoting, and compensating</u>. This is the general level of decision we think contemplated by the term "personnel actions" in § [2000e-16]. It is the level focused upon in the major Supreme Court decisions establishing and refining the substantive and procedural elements of individual disparate treatment theory. *See, e.g., Board of Trustees of Keene State College v. Sweeney*, 439 U.S. 24, 24-25 & nn.1 & 2, 99 S. Ct. 295, 295-296 & nn.1 & 2, (1978) (failure to promote); *Furnco [Construction Co. v. Waters]*, 438 U.S. at 576-77 & n.8, 98 S. Ct. at 2949 & n.8 (failure to hire); *McDonnell Douglas [Corp. v. Green]*, 411 U.S. at 802, 93 S. Ct. at 1824 (same).

*Page*, 645 F.2d at 233 (emphasis added). In stating that there must be an "ultimate employment decision" in order to constitute a "personnel action" under 42 U.S.C. § 2000e-16(a) the Fourth Circuit determined that there are many "interlocutory or mediate decisions having no immediate effect upon employment conditions which were not intended to fall within the direct proscription of . . . Title VII." *Id.* Instead, intermediate decisions are not actionable under Title VII. Such decisions are simply steps along the way to the ultimate employment decision. "Title VII was [not designed] to address every decision made by employers that arguably might have some tangential effect upon those ultimate decisions." *Mattern v. Eastman Kodak Co.*, 104 F.3d 702, 707 (5th Cir. 1997)(quoting *Dollis v. Rubin*, 77 F.3d 777, 781-82 (5th Cir. 1995)).

Looking to *Page* and *Dollis*, it is clear that threatening to discharge Wheeler and sending an allegedly defamatory letter about Wheeler to a newspaper are not "personnel actions" contemplated by either § 2000e-16 or § 794(a). Instead, such acts fall into the category of a mediate and/or an interlocutory decision along the way to ultimate "personnel actions," which in this case apparently are that defendant removed plaintiff from his job without pay, significantly changed plaintiff's duties and detailed plaintiff to another job which is not bargaining unit

8

work. Accordingly, inasmuch as Wheeler complains that defendant's threat to discharge him and defendant's act in sending an allegedly defamatory letter constitute discriminatory treatment under either Title VII or the Rehabilitation Act the Postmaster's motion to dismiss is due to be granted as to said claims and that portion of the action will be dismissed.

### C. Federal Torts Claims Act ("FTCA")

Defendants argue that because the United States was substituted for Moon with respect to Wheeler's common law tort claims,[3] all of which are located in Count VI, Wheeler's common law tort claims are barred by the FTCA. See *Talbert v. United States*, 932 F.2d 1064, 1066-67 (4th Cir. 1991). This court agrees.

There is no cognizable FTCA cause of action in the instant case. The FTCA excepts from its scope:

> Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosection, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights . . . .

42 U.S.C. § 2680(h). Consequently, Wheeler's common law tort claims for libel and slander are barred by the FTCA. See *id*. Wheeler's common law tort claims are due to be dismissed.

---

[3] See this court's order dated April 1, 1997, substituting the United States for Moon with regard to all common law tort claims and this court's order dated May 2, 1997.

9

A separate and appropriate will be entered.

DONE this 5th day of May, 1997.

*William M. Acker*
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT COURT